**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CHRISTIAN A. HANSEN, : | **Hon. Jerome B. Simandle** |
| Petitioner, : | |
| : | Civil No. 05-3879 (JBS) |
| v. : | |
| JOHN NASH, : | |
| : | **OPINION** |
| Respondent. : | |

**APPEARANCES**:

> CHRISTIAN A. HANSEN, #09826-021
> F.C.I. Fort Dix, Unit 5802 West
> P.O. Box 7000
> Fort Dix, New Jersey  08640
> Petitioner Pro Se

**SIMANDLE**, District Judge:

Petitioner Christian A. Hansen filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging a federal sentence.  For the reasons set forth below, the Court summarily dismisses the Petition for lack of jurisdiction.

### I.   BACKGROUND

Petitioner challenges a sentence imposed on Count 34 by Judge Anthony A. Alaimo, in the United States District Court for the Southern District of Georgia on June 4, 1999, after a jury convicted him 41 counts of a 42 count indictment.  Petitioner challenges his conviction under the Resource Conservation and

Recovery Act ("RCRA") for aiding and abetting a person who knowingly transports, treats, stores, disposes of, or exports any hazardous waste who knows a that time that he thereby places another person in imminent danger of death or serious bodily injury, contrary to 42 U.S.C. § 6928(e) and 18 U.S.C. § 2.  See United States v. Hansen, Docket No. 98-cr-23 (AAA) j. conviction (S.D. Ga. June 4, 1999), aff'd 262 F.3d 1217 (11th Cir. 2001), cert. denied, Hansen v. United States, 535 U.S. 1111 (2002). Judge Alaimo sentenced Petitioner on Court 34 to a 108-month term of imprisonment, followed by two years of supervised release, to run concurrently with the terms imposed on the 40 counts.  Id. The United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence on August 24, 2001, and the United States Supreme Court denied certiorari on June 3, 2002. Id.

On April 28, 2003, Petitioner filed a motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. After conducting an evidentiary hearing, the sentencing court denied Petitioner's the motion on June 18, 2004.  See Hansen v. United States, Civil No. 03-64 (AAA) order (S.D. Ga. June 18, 2004).  Petitioner did not appeal.  On April 13, 1998, he filed a motion which Judge Butler denied by order filed June 23, 1998.

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging his sentence on Count 34 on the following grounds:

> CLAIM I: Petitioner's conviction was obtained in violation of the Due Process Clause of the Fifth Amendment.  The district court charged (erroneously) that the petitioner under consideration had a responsible relationship to the violation - that is, that it occurred under his area of authority and supervisory responsibility.
>
> CLAIM II:  Petitioner's continued incarceration for violating 42 U.S.C. § 6928(e) and (f) despite his actual innocence of that offense independently deprives him of Due Process in violation of the Fifth Amendment.
>
> CLAIM III:  Petitioner's continued incarceration for violating 42 U.S.C. § 6928(e) and (f) despite his actual innocence of that offense constitutes cruel and unusual punishment in violation of the Eighth Amendment.

(Pet. at pp. 4-5.)

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable through Rule 1(b).

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must
(continued...)

States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the

---

[1](...continued)
be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district."  United States v. Hayman, 342 U.S. 205, 213-14 (1952).

5

petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id.  "Section 2255 is not

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim based on a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[3]  The Third Circuit first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims.[4]  However, the court held that, in this narrow situation where the

---

[3] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See Bousley v. United States, 523 U.S. 614 (1998).  "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"  Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

[4] As amended by the AEDPA, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, ¶ 8.

7

government conceded that Bailey applied retroactively and Dorsainvil had no other opportunity to raise the claim because his first § 2255 motion had already been rejected by the time his Bailey claim became available, § 2255 was inadequate and ineffective.  The Court reasoned:

> Dorsainvil does not have and, because of the circumstances that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1).  If, as the Supreme Court stated in [Davis v. United States, 417 U.S. 333 (1974)], it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable.  In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of [Dorsainvil's] detention.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)).

The Third Circuit emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may

>     negate, even when the government concedes
>     that such a change should be applied
>     retroactively - is hardly likely to undermine
>     the gatekeeping provisions of § 2255.

Dorsainvil at 251.[5]

The three claims raised in this Petition are within the scope of claims cognizable under § 2255. Therefore, § 2255 prohibits this Court from entertaining Petitioner's claims under § 2241 unless § 2255 is inadequate or ineffective for him to raise them. Petitioner contends that he could not have presented his claims in his § 2255 motion because Meyer v. Holley, 537 U.S. 280 (2003), renders his conduct non-criminal and the case was not

---

[5] Several courts of appeals have adopted similar tests. See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

available when he filed his § 2255 motion.  Petitioner argues that

> the instant petition falls squarely within the Dorsainvil[] exception.  Petitioner request to have this Court vacate his conviction for being a responsible corporate officer under the RCRA, because in light of the Supreme Court decision in Meyer his conduct was not proscribed by that statute.

(Petitioner's Mem. at 8.)

This Court rejects Petitioner's argument that § 2255 was inadequate or ineffective to raise his claims.  To the extent that Meyer v. Holley, a civil case under the Fair Housing Act, has any bearing on the criminal elements of knowing endangerment under RCRA, the claims based on Meyer, which was decided on January 22, 2003, were available to Petitioner when he filed his § 2255 motion on April 28, 2003.  Moreover, the attorney representing Petitioner relied on Meyer in the Supplemental Brief filed in support of Petitioner's § 2255 motion, arguing that it was error to sentence him for knowing endangerment in Count 34 because there is no provision under RCRA for holding a corporate officer liable in this scenario.  Because the sentencing court did or "could have entertained the prisoner's claims, inquired fully into the facts and granted the very relief the prisoner is seeking," this Court lacks jurisdiction to entertain these claims under § 2241.   Leguillou, 212 F.2d at 684.

### III.  CONCLUSION

The Petition is dismissed for lack of jurisdiction.

                                              **s/ Jerome B. Simandle**
                                              JEROME B. SIMANDLE, U.S.D.J.

Dated:   **September 14**   , **2005**